## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ONEIDA COUNTY BOARD OF ELECTIONS,<br>    Defendant. | CIVIL ACTION NO.<br><br>6:21-cv-793 (MAD/ATB) |

## COMPLAINT

Plaintiff United States of America alleges:

1. The Attorney General files this action for declaratory and injunctive relief to enforce Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507, and Section 302 of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21082.

## JURISDICTION AND VENUE

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1345, and 2201, and 52 U.S.C. §§ 20510(a) and 21111.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 112(a) and 1391(b).

## PARTIES

4. Plaintiff United States of America seeks declaratory and injunctive relief pursuant to Section 11 of the NVRA, 52 U.S.C. § 20510(a), and Section 401 of HAVA, 52 U.S.C. § 205111, which authorize the Attorney General to bring suit to enforce those federal statutes.

5. Defendant Oneida County Board of Elections ("Oneida BOE") is a state-created bipartisan two-member commission appointed by the legislative body of Oneida County, New York. The Oneida BOE is responsible, *inter alia*, for voter registration—including accepting and

processing applications and determining the eligibility of applicants to vote—for United States citizens residing in Oneida County, New York; for supervising the conduct of elections in that county; and for canvassing all ballots cast in the election, including provisional ballots, and reporting election returns in that county.

## FACTUAL ALLEGATIONS

### *The Federal General Election in New York's 22nd Congressional District*

6. On November 3, 2020, election jurisdictions across the United States of America, including in the 22nd congressional district of New York, conducted a general election in which candidates for President of the United States and the Congress of the United States were on the ballot.

7. New York's 22nd congressional district encompasses all of Oneida County, New York, within the election jurisdiction of Defendant Oneida BOE.

### *State Court Litigation*

8. On November 4, 2020, Claudia Tenney, a candidate for United States Representative in New York's 22nd congressional district, initiated an election challenge against numerous defendants, including the Oneida BOE and other county boards of elections, in the Oswego County Supreme Court to preserve her right to judicial review relating to several disputed ballots cast or attempted to be cast in the election. The incumbent candidate, Anthony Brindisi, crossclaimed for similar relief. *Tenney v. Oswego Cnty. Bd. of Elec.*, No. EFC-2020-1376 (N.Y. Sup. Ct.) (Hon. Scott J. DelConte).

9. The court heard 11 days of testimony from 19 witnesses and reviewed a vast evidentiary record. *Tenney v. Oswego Cnty. Bd. of Elec.*, No. EFC-2020-1376, 2021 WL 454409, at *2 (N.Y. Sup. Ct. Feb. 5, 2021). It found that the defendant county boards of

elections, including the Oneida BOE, had committed numerous state election law violations regarding the processing of voter registrations and the review and canvassing of ballots. *Tenney v. Oswego Cnty. Bd. of Elec.*, 136 N.Y.S.3d 853, 861 (N.Y. Sup. Ct. 2020)

### *Facts Relevant to the NVRA and HAVA*

10. New York's voter registration deadline is 25 days before the ensuing election. N.Y. Elec. Law § 5-201(3). For the November 3, 2020, federal general election, that deadline was October 9, 2020.

11. County boards of elections must review and process each voter application form upon its receipt. *Id.* § 5-201(8).

12. A qualified individual is "registered" to vote as soon as her completed voter registration application is received by the appropriate county board of elections. *Id.* § 5-210(3).

13. All registered voters must be entered into New York's statewide voter registration database, known as "NYSVoter." *Id.* § 5-614.

14. The Oneida BOE ceased processing online voter registration applications—including those submitted at and received electronically from Department of Motor Vehicle ("DMV") offices—beginning on September 25, 2020, 15 days before the October 9, 2020, statutory deadline.

15. Between September 25, 2020 and October 9, 2020, the Oneida BOE received by electronic means approximately 2,418 voter registration applications completed by Oneida County residents attempting to register to vote at offices of the DMV.

16. Defendant Oneida BOE failed to review or otherwise process those approximately 2,418 timely submitted voter registration applications.

17. As a result of that failure, the Oneida BOE failed to add the names of those DMV

applicants qualified to register to vote to the official list of eligible voters for the November 3, 2020, general election.

18.     On information and belief, Defendant Oneida BOE failed to notify the approximately 2,418 DMV voter registration applicants as to the disposition of their voter registration application in time for the November 3, 2020, general election.

19.     The Oneida BOE did not publicly disclose its failure to process the 2,418 timely submitted DMV applications until January 6, 2021, over two months after election day.

20.     At least 68 qualified and eligible voters from among the 2,418 DMV applicants attempted to vote in the November 3, 2020, general election, but were notified by polling officials that they were not registered.  Poll officials required those voters to cast provisional ballots (known in New York as "affidavit ballots") instead of regular ballots.

21.     The Oneida BOE subsequently rejected those approximately 68 provisional ballots cast by DMV registrants on the ground that those registrants were "not registered."

22.     The Oneida BOE rejected those 68 provisional ballots cast by DMV registrants without first reviewing the unprocessed registration records in its possession.

23.     It is unknown how many additional qualified and eligible voters among the approximately 2,418 DMV registrants may have appeared to vote in the November 3, 2020, general election, but left the polling place without completing an affidavit ballot after being informed that they were not registered to vote.

24.     Following the November 3, 2020 federal general election, Defendant Oneida BOE administratively rejected approximately 1,797 provisional ballots cast in Oneida County without reviewing or otherwise canvassing them.

25. At least 700 of those 1,797 rejected provisional ballots were cast by voters listed in NYSVoter as being duly registered and entitled to vote under state law.

26. In the state court proceeding, the court ordered the Oneida BOE to review its records and recanvass all affidavit ballots submitted in the November 3, 2020, federal general election to ensure that every validly cast vote was counted. *Tenney v. Oswego Cty. Bd. of Elections*, No. EFC-2020-1376, 2021 WL 234253, at *8 (N.Y. Sup. Ct. Jan. 20, 2021). But for the state court's efforts, hundreds of affidavit ballots submitted by qualified and eligible voters in New York's 22nd congressional district would have gone uncanvassed and uncounted in the November 3, 2020 federal general election.

### *Applicable Federal Law: The NVRA*

27. Congress enacted the NVRA to "(1) to establish procedures that will increase the number of citizens who register to vote in elections for Federal office; (2) to … enhance[] the participation of eligible citizens as voters in elections for Federal office; (3) to protect the integrity of the electoral process; and (4) to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b).

28. Section 5 of the NVRA requires states such as New York to offer and accept voter registration applications in connection with certain driver's license and identity card transactions through motor vehicle offices such as the New York DMV. *Id.* § 20503; *see* N.Y. Elec. Law § 5-210.

29. Section 8(a)(1) of the NVRA mandates that all eligible applicants must be registered to vote in time for an upcoming federal election if their valid voter registration applications are postmarked, submitted to an authorized voter registration agency (such as a DMV office), or otherwise received by an appropriate election official 30 days (or such lesser

period allowed by state law) before the election. 52 U.S.C. § 20507(a)(1); *see* N.Y. Elec. Law § 5-201(3) (establishing that voter registration deadline is 25 days before the ensuing election).

30. In New York, therefore, the NVRA required that all eligible citizens submitting valid voter registration forms through DMV offices as of October 9, 2020—the 25th day before the November 3, 2020 federal general election—must be added to the official list of registered voters entitled to vote in that election.

31. Section 8(a)(2) of the NVRA requires states to notify all applicants of the disposition of their voter registration application. 52 U.S.C. § 20507(a)(2).

*Applicable Federal Law: HAVA*

32. Congress enacted HAVA in part to establish certain administration requirements relating to federal elections. As relevant here, Section 302 of HAVA requires states to adhere to certain requirements related to provisional voting.

33. In particular, if an individual declares that she is a registered voter in the jurisdiction and eligible to vote in an election for federal office, but the individual does not appear on the official list of eligible voters for that polling place, or an election official asserts the individual is not eligible to vote, a polling official must inform the individual that she may cast a provisional ballot and must permit the individual to cast a provisional ballot after the individual affirms in writing that she is eligible and registered to vote in the jurisdiction. 52 U.S.C. § 21082(a)(1)–(2).

34. The polling official "shall" then transmit the provisional ballot and affirmation to an appropriate election official for "prompt verification," and if that official determines that the individual is eligible under state law to vote, the provisional ballot "shall" be counted in that election in accordance with state law. *Id.* § 21082(a)(3)–(4).

## COUNT I:

## SECTION 8 OF THE NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507

### Failure to Process Timely Submitted Voter Registration Applications

35. The Oneida BOE's failure to process or otherwise review all timely-filed voter registration applications, and the subsequent failure to add the names of all eligible applicants to the list of eligible voters for the November 3, 2020 federal general election, violates Section 8(a)(1) of the NVRA, 52 U.S.C. § 20507(a)(1).

36. The Oneida BOE's failure to ensure that all persons submitting voter registration applications in Oneida County received timely notice of the disposition of their applications violates Section 8(a)(2) of the NVRA, 52 U.S.C. § 20507(a)(2).

37. The United States is entitled to declaratory, injunctive, and other appropriate relief to remedy those violations and ensure the Oneida BOE's future compliance with the NVRA.

## COUNT II:

### FAILURE TO VERIFY AND COUNT
### PROVISIONAL BALLOTS PURSUANT TO HAVA

38. The Oneida BOE's failure to a) promptly verify approximately 1,797 provisional ballots cast in the November 3, 2020, federal general election, and b) count those votes determined to be cast by duly registered voters, violated Section 302(a) of HAVA.

39. The United States is entitled to declaratory, injunctive, and other appropriate relief to remedy those violations and ensure the Oneida BOE's future compliance with HAVA.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER:

(1) Declaring that Defendant has violated Section 8 of the NVRA;

   (2)  Declaring that Defendant has violated Section 302 of HAVA;

   (3)  Permanently enjoining Defendant, its agents and successors in office, and all persons acting in concert with it, from failing to a) process voter registration applications timely submitted prior to the close of registration, b) include all eligible and qualified registrants in appropriate voter registration databases prior to any primary, general, or special election for federal office, and c) notify all voter registration applicants as to the disposition of their voter registration applications in advance of the applicable primary, general, or special election for federal office;

   (4)  Permanently enjoining Defendant to verify promptly all provisional ballots submitted in connection with any primary, general, or special election for federal office and to count all such ballots submitted by qualified and eligible voters.

   (5)  Directing Defendant, in consultation with counsel for the United States, within 90 days of the entry of the Court's order, to submit a final remedial plan, to ensure future compliance with Section 8(a) of the NVRA and Section 303(a) of HAVA; and

   (6)  Providing any such additional relief as the interests of justice may require, together with the costs and disbursement in maintaining this action.

Dated: July 12, 2021.

|  |  |
|---|---|
|  | Respectfully submitted, |
| ANTOINETTE T. BACON<br>Acting United States Attorney<br>Northern District of New York | KRISTEN M. CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| **s/ John D. Hoggan, Jr.**<br>Bar Roll No. 511254<br>Assistant United States Attorney<br>445 Broadway, Room 218<br>Albany, NY 12207<br>Telephone: (518) 431-0247<br>Fax: (518) 431-0249<br>E-mail: john.hoggan@usdoj.gov | PAMELA S. KARLAN<br>Principal Deputy Assistant Attorney General<br>Civil Rights Division<br><br>**s/ Bradley E. Heard**<br>T. CHRISTIAN HERREN, JR.<br>RICHARD DELLHEIM<br>BRADLEY E. HEARD<br>RACHEL R. EVANS<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Four Constitution Square<br>150 M Street NE, 8th Floor<br>Washington, DC 20530<br>Telephone: (202) 305-4196<br>Facsimile: (202) 307-3961<br>E-mail: bradley.heard@usdoj.gov<br><br>*Counsel for Plaintiff United States of America* |