IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ONEIDA COUNTY BOARD OF ELECTIONS,<br><br>*Defendant.* | CIVIL ACTION NO.<br><br>6:21-cv-793 (MAD/ATB) |

## CONSENT DECREE

Plaintiff United States of America initiated this action to enforce Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507, and Section 302 of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 21082. The United States alleges that in connection with the November 3, 2020, federal general election, Defendant Oneida County Board of Elections (the "Oneida BOE") did not comply with Section 8(a) of the NVRA by failing to 1) process all timely-filed voter registration applications and add the names of all qualified applicants to the list of eligible voters, and 2) ensure that all voter registration applicants were given timely notice of the disposition of their voter registration applications. The United States further alleges that the Oneida BOE did not comply with Section 302(a) of HAVA by failing to verify promptly nearly 1,800 provisional ballots (referred to in New York as "affidavit ballots") cast in the November 3, 2020, federal general election and failing to count those provisional votes cast by eligible voters.

The United States and the Oneida BOE have conferred through counsel, and agree that this action should be settled without the delay and expense of litigation. The parties share the goal of ensuring that all qualified voter registration applicants who submit timely and valid voter

registration forms are registered to vote and placed on the official list of eligible voters in advance of an ensuing election for federal office; that all voter registration applicants receive timely notification of the disposition of the voter registration applications in advance of an election for federal office; and that all voters who cast provisional ballots should have their ballots validated promptly and, when cast by eligible voters, counted in an election for federal office. Accordingly, the parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the NVRA and HAVA violations alleged by the United States.

The parties stipulate and agree that:

i. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331, 1345, and 2201, and 52 U.S.C. §§ 20510(a) and 21111.

ii. Venue is proper pursuant to 28 U.S.C. §§ 112(a) and 1391(b).

iii. The United States, through its Attorney General, is authorized to seek appropriate declaratory and injunctive relief to enforce the NVRA and HAVA. *See* 52 U.S.C. §§ 20510(a), 21111.

iv. The Oneida BOE is a state-created bipartisan two-member commission appointed by the legislative body of Oneida County, New York. The Oneida BOE is responsible, *inter alia*, for voter registration—including accepting and processing applications and determining the eligibility of applicants to vote—for United States citizens residing in Oneida County, New York; for supervising the conduct of elections in that county; and for canvassing all ballots cast in the election, including provisional ballots, and reporting election returns in that county.

v. The State of New York and all of its election officials, including the Oneida BOE, are subject to the requirements of the NVRA and HAVA.

vi. On November 3, 2020, election jurisdictions across the United States of America, including in Oneida County, New York, conducted a general election in which candidates for federal office were on the ballot.

vii. In New York, county boards of elections must review and process each voter application form upon its receipt. N.Y. Elec. Law § 5-201(8). A qualified individual is "registered" to vote in New York as soon as the individual's completed voter registration application is received by the appropriate Board of Elections. *Id.* § 5-210(3). All registered voters must be entered into New York's statewide voter registration database, known as "NYSVoter." *Id.* § 5-614.

viii. Section 8(a) of the NVRA requires that all eligible voter registration applicants must be registered to vote in time for an ensuing federal election and placed on the official list of eligible voters if their valid voter registration applications are postmarked, submitted to an authorized voter registration agency (such as a state motor vehicles authority), or otherwise received by an appropriate election official by the registration deadline. 52 U.S.C. § 20507(a)(1).

ix. The voter registration deadline for the November 3, 2020, federal general election in New York was October 9, 2020. *See* N.Y. Elec. Law § 5-201(3) (setting registration deadline 25 days prior to the election); 52 U.S.C. § 20507(a)(1)(A) (setting registration deadline as 30 days, or such lesser period as allowed by state law, prior to an election).

x. All voter registration applicants must receive timely notice from the appropriate election official of the disposition of their voter registration application prior to the applicable election. 52 U.S.C. § 20507(a)(2).

xi. The Oneida BOE ceased processing online voter registration applications—including those submitted at and received electronically from New York State Department of Motor Vehicle ("DMV") offices—beginning on September 25, 2020, 15 days before the October 9, 2020, statutory deadline.

xii. Between September 25, 2020 and October 9, 2020, the Oneida BOE received by electronic means approximately 2,418 voter registration applications completed by Oneida County residents attempting to register to vote at New York State DMV offices.

xiii. The Oneida BOE failed to process those more than 2,400 timely submitted voter registration applications. As a result of that failure, the Oneida BOE failed to add the names of those voter registration applicants qualified to register to vote to the official list of eligible voters for the November 3, 2020, general election. The Oneida BOE represents that all of these applications have now been properly processed.

xiv. Notwithstanding the requirements of Section 8(a)(2) of the NVRA, the Oneida BOE failed to notify the more than 2,400 applicants whose voter registration applications they failed to process of the disposition of their voter registration applications in advance of the November 3, 2020, general election.

xv. At least 68 qualified voters from among the more than 2,400 unprocessed voter registrations attempted to vote in the November 3, 2020, general election, but were notified by polling officials that they were not registered. Poll officials required those voters to cast provisional ballots instead of regular ballots.

xvi. The Oneida BOE subsequently rejected those approximately 68 provisional ballots on the ground that the voters were "not registered," even though those voters were

qualified to register to vote and had submitted valid voter registration applications before the October 9, 2020 voter registration deadline.

xvii. Additionally, notwithstanding the requirements of Section 302(a) of HAVA, the Oneida BOE rejected nearly 1,800 provisional ballots cast in the November 3, 2020, general election without first reviewing and verifying them in accordance with law and without counting the properly completed provisional ballots cast by eligible voters. At least 700 of those provisional voters were listed in NYSVoter as duly registered and thus eligible to vote under state law.

xviii. But for the intervention of a state court in connection with an election contest litigated by candidates for U.S. Representative in the 22nd congressional district in New York State, encompassing several counties, including Oneida County, many eligible and qualified voters in Oneida County would have been disenfranchised in the November 3, 2020, federal general election.

xix. Subsequent to the resolution of the election contest in state court with respect to the congressional race in the 22nd congressional district, the two commissioners of the Oneida BOE resigned, and the undersigned two commissioners assumed office.

xx. The two new commissioners resolved to undertake an evaluation of the policies and procedures of the Oneida BOE in order to determine how it happened that the BOE had not complied with the NVRA and HAVA, and to institute policies and procedures to ensure that the BOE would comply with those laws in future federal elections.

xxi. In doing so, the two new commissioners are conferring with staff of the New York State Board of Elections ("NYSBOE"), as well as commissioners and staff of other Boards of Elections throughout the State of New York.

xxii. The Oneida BOE, through counsel, has conferred with counsel for the United States regarding its obligations under the NVRA and HAVA, and commits to comply with those obligations.

In consideration of the foregoing stipulations, the Court hereby **ORDERS, ADJUDGES,** and **DECREES** as follows:

1. The Oneida BOE did not comply with Section 8(a)(1) of the NVRA when it failed to process all timely-filed voter registration applications and failed to add the names of all qualified applicants to the list of eligible voters for the November 3, 2020, federal general election.

2. The Oneida BOE did not comply with Section 8(a)(2) when it failed to ensure that all voter registration applicants were given timely notice of the disposition of their voter registration applications.

3. The Oneida BOE did not comply with Section 302(a) of HAVA when it failed promptly to verify nearly 1,800 provisional ballots cast in the November 3, 2020, federal general election and failed to count those provisional votes cast by eligible voters.

4. The Oneida BOE, its agents and successors in office, and all persons acting in concert with it, are **PERMANENTLY ENJOINED** from failing to (a) process voter registration applications submitted prior to the close of the applicable registration period, (b) include all eligible voters in appropriate lists of eligible voters prior to any primary, general, or special election for federal office, and (c) notify all voter registration applicants as to the disposition of their voter registration applications sufficiently in advance of the applicable primary, general, or special election for federal office.

5. The Oneida BOE, its agents and successors in office, and all persons acting in concert with it, are **PERMANENTLY ENJOINED** from failing, in a uniform and nondiscriminatory manner, to: (a) verify promptly all provisional ballots submitted in connection with any primary, general, or special election for federal office, and (b) count as votes in any such election all provisional ballots submitted by eligible voters.

6. Within 90 days of the effective date of this Consent Decree, the Oneida BOE shall provide counsel for the United States a draft Remedial Plan designed to ensure future compliance with Section 8(a) of the NVRA and Section 302(a) of HAVA. The United States shall have 30 days to respond. If the parties cannot in good faith agree upon the terms of an appropriate final Remedial Plan within 30 days of the date the United States provided its response, either party may seek relief from the Court. Responses to any request for relief shall be filed with the Court within 10 days of the request. Any agreed upon Remedial Plan shall be filed with the Court and, if deemed appropriate by the Court, so ordered.

7. The Remedial Plan shall include the following elements, at a minimum:

   a. POLICIES AND PROCEDURES: NVRA COMPLIANCE. The Oneida BOE shall develop and implement uniform and nondiscriminatory policies and procedures designed to ensure that election officials review and process all timely submitted voter registration applications in accordance with Section 8(a) of the NVRA; determine pursuant to state law the eligibility of all voter registration applicants completing such applications; enter accurately the names of all qualified applicants into NYSVoter; and issue appropriate notices of the disposition of all such applications within 21 days of the Oneida BOE's receipt of the application, if received at least 30 days prior to the close of registration, or otherwise within 14 days of the Oneida BOE's receipt of the application.

7

b. POLICIES AND PROCEDURES: HAVA COMPLIANCE. The Oneida BOE shall develop and implement uniform and nondiscriminatory policies and procedures designed to ensure that all provisional ballots submitted in connection with any primary, general, or special election for federal office are verified no later than fourteen days following any such election for federal office, and that all provisional ballots cast by voters determined to be eligible to vote in that election shall be counted and included in the total number of votes certified in that election.

c. POLICIES AND PROCEDURES: STAFFING. The Oneida BOE shall develop and implement uniform and nondiscriminatory policies and procedures designed to ensure that it has adequate staffing to perform the voter registration and provisional ballot verification functions required by Section 8(a) of the NVRA and Section 302(a) of HAVA. Such policies and procedures shall require the Oneida BOE promptly to notify and seek assistance from the NYSBOE in the event that it determines that its current staffing levels may not allow it to fulfill these federal requirements.

d. TRAINING MATERIALS. The Oneida BOE, in consultation with the NYSBOE, shall develop election official training materials addressing the election administration requirements of Section 8(a) of the NVRA and Section 302(a) of HAVA. Staff members shall be trained in these requirements at least biennially, between 60 and 90 days prior to each general election for federal office. The Oneida BOE shall provide counsel for the United States with copies of

any training materials (and any updates thereto) at least 90 days prior to each election for federal office.

e. REPORTING: VOTER REGISTRATION INFORMATION. Sixty days prior to the close of registration for each primary and general election for federal office, and ten days subsequent to a proclamation for a special election for federal office—and, in both cases, every two weeks through the Saturday prior to such primary, general, or special election—the Oneida BOE shall submit a report in an electronic comma-separated value (.csv) or Excel Workbook (.xlsx) format, to counsel for the United States, with a copy to the NYSBOE, regarding:

   i. the number of voter registration applications received by each source (i.e., from the DMV, by mail application, from a voter registration agency, or by other means);

   ii. the number of voter registration applications processed;

   iii. the number of new registrations added in NYSVoter for the first time;

   iv. the number of existing registrations updated in NYSVoter;

   v. the number of duplicate registrations for which no update other than the most recent contact date was required;

   vi. the number of incomplete applications for which additional information was requested from the applicant;

   vii. the number of rejected applications;

   viii. the number of disposition notices sent (which number should ordinarily equal the number of registrations processed); and

   ix. the number of unprocessed applications outstanding.

f. REPORTING: PROVISIONAL BALLOT INFORMATION. No later than 60 days following the certification of results for each primary, general, and special election for federal office, the Oneida BOE shall submit a report in an electronic comma-separated value (.csv) or Excel Workbook (.xlsx) format, to counsel for the United States, with a copy to the NYSBOE, regarding:

  i. the number of provisional ballots cast in the election;

  ii. the number of provisional ballots determined to cast by qualified voters under state law;

  iii. the number of provisional ballots wholly counted;

  iv. the number of provisional ballots partially counted; and

  v. the number of provisional ballots determined to be cast by unqualified voters under state law.

8. This Consent Decree shall take effect once it has been approved by the Court and entered upon the docket ("the effective date").

9. This Consent Decree may be terminated upon written agreement by the parties or a determination by the Court that the Oneida BOE has complied with its terms and the final Remedial Plan, but shall not be eligible for termination until at least 30 days after the date of the second general election for federal office following the effective date of the Consent Decree ("the minimum term").

10. At the end of the minimum term, the Oneida BOE shall provide a report (the "Compliance Report"), with appropriate documentation, to counsel for the United States, with a copy to the NYSBOE, that establishes the Oneida BOE's compliance with the terms of the Consent Decree and final Remedial Plan, and that the Oneida has the means and intent to

continue to comply with Section 8 of the NVRA and Section 302 of HAVA. If the Compliance Report establishes those facts, the decree shall terminate upon written agreement by the parties or an appropriate order from the Court. Otherwise, the Consent Decree shall remain in effect until after the next general election for federal office for which a satisfactory Compliance Report has been provided.

11. In the event of the issuance of an Executive Order by the Governor of the State of New York, the promulgation of any NYSBOE rule or regulation, the passage of any legislation, issuance of any judicial order, or any other circumstance that affects the ability of Oneida BOE to comply with the terms and conditions of this Consent Decree, the parties agree to confer, and if appropriate, modify pertinent terms herein and submit such modification to the Court. If the parties cannot agree upon terms, either party may seek appropriate modifications from the Court.

12. Nothing in this Decree shall prevent the United States from taking any actions required to enforce any provision of the NVRA or HAVA.

13. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement.

14. Each party shall bear its own costs, expenses, and attorneys' fees relating to this matter.

IT IS SO ORDERED this 13 day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND AGREED:**

| | |
|---|---|
| UNITED STATES OF AMERICA: | ONEIDA COUNTY BOARD OF ELECTIONS: |

KRISTEN M. CLARKE
Assistant Attorney General
Civil Rights Division

PAMELA S. KARLAN
Principal Deputy
Assistant Attorney General
Civil Rights Division

*/s/ Bradley E. Heard*
_____
T. CHRISTIAN HERREN, JR.
RICHARD DELLHEIM
BRADLEY E. HEARD
RACHEL R. EVANS
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Four Constitution Square
150 M Street NE, 8th Floor
Washington, DC 20530
Telephone: (202) 305-4196
Facsimile: (202) 307-3961
Email: bradley.heard@usdoj.gov


ANTOINETTE T. BACON
Acting United States Attorney
Northern District of New York

*/s/ John D. Hoggan, Jr.*
_____
JOHN D. HOGGAN, JR.
Assistant United States Attorney
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207
Telephone: (518) 431-0247
Facsimile: (518) 431-0386
E-mail: john.hoggan@usdoj.gov

_____
SARAH F. BORMANN, Commissioner

_____
NICHOLE D. SHORTELL, Commissioner

_____
PETER M. RAYHILL
Oneida County Attorney
Oneida County Department of Law
800 Park Avenue
Utica, New York 13501
Telephone: (315) 798-5910
Facsimile: (315) 798-5603
prayhill@ocgov.net

*Counsel for Oneida County Board of Elections*